Heather Reece
P.O. BOX 2237
Coeburn, VA 24230
276-207-0805
Reatherhd@gmail.com

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF THE COMMONWEALTH OF THE STATE OF VIRGNIA

| | |
|---|---|
| **HEATHER REECE,** Plaintiff, vs. **COUNTRYWIDE HOME LOANS, BANK OF AMERICA, NATIONSTAR MORTGAGE, LLC D/B/A, MR. COOPER, ACI PAYMENTS, INC. ACI WORLDWIDE CORP., ACI WORKWIDE INC.,** Defendant(s), | Case No.: COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF |

1. Parties to the complaint

   A. The Plaintiff, Heather Reece, is a resident of the town of Coeburn, in the county of Wise, and the state of Virginia.

2. A. The Defendant 1, Countrywide Home Loans, is a business entity, incorporated under the laws of the state of California, and has a common place of business located at 225 W. Hill Crest Drive., Thousand Oaks, CA 91360-7883.

   B. The Defendant 2, Bank of America, Corporate Center, is a business entity incorporated under the laws of the state of North Carolina, and has a common place of business located at 100 North Tyron Street, Charlotte, NC 282553

COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF - 1

c. The Defendant 3, Nationstar Mortgage Holdings, aka, Nationstar Mortgage d/b/a. Mr. Cooper, is a business entity incorporated under the laws of the state of Texas and has a common place of business located at 8950 Cypress Waters Blvd. Dallas, TX 75261-9063.

d. The Defendant 4, ACI Payments, Inc., ACI Worldwide Corp., ACI Worldwide Inc., is a business entity, incorporated under the laws of the state of Florida, and has a common place of business located at 2511 Ponce de Leon, Blvd, PHI Coral Gables, FL 33134.

3, Jurisdiction and authority is proper, as this case does arise and involves diversity of citizenship of the parties. Under 28 U.S.C. 1331, and as the defendants, and the representatives of the defendants, do business inside the commonwealth of the state of Virginia, with a common place of business entities of another state.

3. 18 U.S.C.-1014, makes it a federal offense to falsify mortgage and financial loan documentation, and as the representative, Gregory Dale Gilbert of Asbury and Gilbert attorneys at law, was the hired representative of the Countrywide Home Loans mortgage and finance company of the plaintiff, and as the new evidence of this scheme is just now come unto the plaintiff, and as the new evidence has been discovered, the relief is sought by the plaintiff.

4. On or about January 1st of 2004, the contract between the defendants and the plaintiff was made by the signing of the plaintiff of the loan documents of the plaintiff and joint debtor whereby the attorney and client contract between the parties, Countrywide Home Loans and the law office of Asbury Gilbert and Kincaid P.C. Business and Estate Planning Attorneys at Law, as the attorney Gregory Dale Gilbert was the contact with the plaintiff and the loan officer Shirley Funk of Countrywide Home Loans, and as was entered into of The law office of Asbury and Gilbert, aka Asbury Gilbert and Kincaid PC Business and Estate Planning Attorneys at Law of Wise Virginia, whereby Gregory Dale Gilbert Attorney at Law did the work of the contract between the parties of the deed and title search for the property of the legal matter whereby the incorrect information and description of the property and the related

COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF - 2

legal matters of the United States Court of the Western district Virginia Federal Bankruptcy court do clearly indicate the plaintiff as the joint debtor and as the related matters of the family court of the Wise county and the city of Norton court clerk's office and the matters of the circuit court docket do clearly indicate that the VA code 18.2-186.3 against the plaintiff and the two children of the plaintiff does suggest the parties of the legal and binding contract and as this violation of the 28 U.S.C with the VA code 18.2-186.3 with the previous conviction of the associates of the parties of wire fraud and theft does clearly indicate this violation giving rise to the claims of the plaintiff for the relief of these the requests, as the plaintiff does also initiate the proceedings against the defendant in the wire fraud incident of the related incidents in order to balance the claims and damages properly in each of the corresponding cases and issue with regards to the mortgage fraud of this case and complaint.

5. As the Countrywide Home Loans and Bank of America Home Loans have been ordered by the United States Courts to pay restitution owed to the plaintiff in previous hearings and orders of the court and as the plaintiff has suffered financially and as the records of the joint debtor of the legal matter do clearly indicate that the plaintiff has endured the monetary damages and as these findings and evidence of fraud by the parties do further indicate that of the restitution owed by the parties of the complaints in the related matters of the United States Court, as the case number of the records, and upon the plaintiff discovery of the new evidence based on the signing dates of the approximate date of May 1st, 2004 with Countrywide home loans, and the financial institution date of the payoff of the first loan of the construction of the real property of the legal matter, the difference in the amount of the payoff of the loan is clearly present of the deed of trust for this construction loan, whereby the records indicate the approximate amount of $30,000 in difference in the amount of the payoff and the amount of the payoff and the amount of the finance, as these are the approximate dates and the amounts whereby the breach of the fiduciary position of the

COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF - 3

plaintiff's previous representative in the related incidents of the wire fraud, as the corresponding and same attorney and law firm did represent the plaintiff in the two separate incidents of the legal matters, as the related and corresponding financial connection int eh related false documentation records, are the rise to the claim of the plaintiff that upon the internship of the plaintiff during the year prior to plaintiff college graduation with the law firm does clearly suggest the plaintiff was targeted by the parties of the pre devised scheme, as the financial institution and the false documentation with the statements of the plaintiff and the witness of the "incident" with the related financial institution documents and false documents, give rise to the claims of the plaintiff.

6. In reference to the November 2004 payoff amount of the records of the financial institution that provided the construction loan, as this financial institution is where the parties did also have joint checking account, and as this account has remained dormant since the approximate date of 2006, whereby the approximate amount of $18 was left in the checking account by the parties, as they did open a new and separate checking account for the monthly payments of the joint debtors, as the financial institution employee did discuss in unrelated matters amounts in regards to the amount of the payments made by the parties of the joint checking account, whereby the savings account of the plaintiff was also dormant, and as these were of the accounts in the related incidents of the breach of the fiduciary accounts and related civil matters of the civil filings by the plaintiff, as the difference in the amounts of the payoff by the November 2004 payment of the loan, and the dates do clearly indicate the amounts of the thirty thousand dollar difference and the thefts of the related wire fraud incident of the civil filings of the plaintiff do clearly suggest the commencement of the mortgage fraud scheme, as they may be noted approximately November of 2004 with the payoff amount of the construction loan financial institution, whereby, the amount of the Bank of America finance of the joint financial loan signed by the plaintiff and the joint debtor, as the amount of the balance of the payoff, however, upon the 2015 records whereby the

COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF - 4

records and convictions in the criminal matter of James Jones courtroom in Abingdon division of the state of Virginia, case no. 1:13cr:14, whereby Tony Michael Hutchison was convicted for wire fraud, as a coconspirator of the mortgage loan scheme, whereby the plaintiff of this complaint is also initiating the civil proceedings against these parties for the legal malpractice, breach of the fiduciary position, identity theft of the plaintiff, with two minor children also indicating the identity theft, as these are verified documents with the internal revenue service, as these records with the records of the current escrow account, whereby the records do clearly indicate the 2008 date of the payments towards the escrow account, and as the plaintiff did remain to reside on the property with the two children and the joint debtor and as the chapter 13 joint filing did remain of the plaintiff, whereby the family court whereby the joint debtor did initiate the separation and divorce proceedings in approximately May 1st, 2010, whereby the 18 U.S.C.-371, appears to be part of the proceedings, as the final decree does reference the joint chapter 13 filing and the payment plan and schedule however, the refusal to allow the plaintiff and the two children of the plaintiff to reside on the property, as they clearly are paying the debt for the joint as the plaintiff was forced and under the duress of these payments by relinquishing, what the plaintiff did believe at the time of signing the final divorce agreement that the portion of the amount of the child support owed was the relinquishment agreement, whereby the difference in the amount of the payments and the amounts of the joint debtor financial records submitted unto the federal bankruptcy courts clearly indicate the difference, and as the plaintiff was without legal counsel for the proceedings, as the joint debtor did initiate the separation and divorce proceedings, and of these proceedings, they are filed as no fault divorce proceedings, giving rise to the claim of the plaintiff that to hold her liable for the debt, and to refuse to allow access to the property, as she will remain with interest of the property, as the interest is for future investment purposes, and for the plaintiff to have appeared at fault for the divorce proceedings, with the additional claims of the joint debtor that he solely owned the property prior to the marriage,

COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF - 5

and as that is a true statement, and as the real estate and property of the legal matter was a new construction, and as the records of the deed of trust do clearly appear with the name of the plaintiff, the inconsistent statements remain of the courts, whereby, the beginning of the scheme does date back to the approximate year of 1997, as the division of child support enforcement records, and the lack of the child support order of the courts during the case number of the records that indicate child support owed by the plaintiff are false documents, and they remain of the courts to the present date, whereby the permanent injunction and mandamus orders of the cease and desist of the parties in these proceedings against the plaintiff, as the plaintiff has remained with custody of the children, and the plaintiff and the children have endured the loss and the hardships of this scheme, remaining without a place to live, remaining with the debt as the tax records, the thefts of the bank accounts of the plaintiff, as the plaintiff did not receive welfare benefits, as the records of the identity theft and the fraud division of the way to go card program clearly indicate, as upon the discovery of the child support cases opened in the division office, the investigation of the matters by the plaintiff, lead to the discovery and findings of the related evidence in this and related complaints of the civil courts, whereby the civil rights of the plaintiff and the two children of the plaintiff have been violated, as the right to own property is of the 5th amendment to the United States constitution, and as the records do clearly indicate the payments of the plaintiff through the defendant employer deduction and the records of the replenishment of the support obligation owed to the plaintiff by the joint debtor, as these combined factors do clearly indicate these parties of the worldwide fraud scheme, and as the plaintiff and the only two children of the plaintiff, as the social service department has never had custody of any child of the plaintiff, and the welfare benefits of the records, were not received by the plaintiff, but of the three parties of the conspiracy to commit fraud against the United States, that the cases and actions of the plaintiff prior and post, with the internal revenue documents of the corresponding years the plaintiff, give rise to the claims of the plaintiff in these related

COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF - 6

matters, as these are also requested to be of the cease and desist orders of the injunction and mandamus orders of the complaint and request by the plaintiff. whereby the escrow account balance of the plaintiff and the joint debtor does clearly indicate the year of 2008 is still owed by the parties of the tax year 2008 to 2022, and as the plaintiff and the two children of the plaintiff have been denied access to the property of the legal matter the violations of the civil rights of the plaintiff and the two children of the plaintiff are also of the complaint and request for the permanent injunction and mandamus order of the cease and desist orders of this honorable court.

7. As the damages of the ongoing scheme, as the plaintiff, and the records of the United States Courts in related legal matters does indicate that the 28 years of the scheme has been ongoing of the plaintiff, as the records of the internal revenue service and the identity theft documentation have been verified by letter dated December 5th, 2022, and as this includes the VA code violation of 18.2-186.3 of the plaintiff and the two children of the plaintiff, as the proper actions have been taken by the internal revenue service and other related matters of investigation to prevent further damages to the parties, therefore, cease and desist orders would be of the best interest of the Western district Courts of the state of Virginia, as these damages are caused throughout the commonwealth in turn, as they simply attempt to place the blame on the next party, therefore the plaintiff did allow the time frame of the investigation of the internal revenue service to get ahead of the related matters, therefore assuring the safety of the plaintiff and the two children and other family members of the plaintiff in these filings.

8. The monetary relief of the plaintiff, as the approximate amount of loss of the property of the legal matter, is the amount of one hundred and twenty five thousand dollars, whereby, the sixty months of payments made to the Western district of the Big Stone Gap division of the federal bankruptcy filings and the payments to the attorneys, who did not protect the rights of the plaintiff, but did further damages, as co-conspirators of the scheme to defraud the

COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF - 7

United States as the records and pattern of this scheme date back to 1997, and for the past twenty years, the parties are owed the damages, as the Mandatory Victims Restitution Act of 1996 ("MVRA"), provides for these losses in wire fraud as Tony Michael Hutchinson, a partner of the law firm of Wolfe Williams Rutherford Reynolds and Hutchison, aka, Wolfe Williams Rutherford and Reynolds, attorneys at law, aka, Joseph E. Wolfe, P.C. Attorneys at law, whereby Tony Michel Hutchison, and Joseph E. Wolfe, as Joseph E. Wolfe does appear within the related records and transmission made of the Western federal district Bankruptcy court records of the Big Stone Gap Division of the state of Virginia, and as these co-conspirators, and of the admissions and prosecutions of Tony Michael Hutchison of the 1:13cr:14 case of Judge James Jones of the Abingdon district of the state of Virginia, and as Tony Michael Hutchison, pled guilty to conspiracy to commit wire fraud under 18 U.S.C § 371. In the mortgage fraud scheme, as the coconspirators acted as a straw buyer, meaning he took over title to two properties in order to conceal the true owner and ringleader of the scheme, and as these facts and findings of the ring leader, and the most recent VA code violation of the theft through the checking account of the plaintiff did come of the business entity of FIG Enterprises LLC Inc., Pernell Property Management, owner Gregory Dale Gilbert, did through these abused trustee estate and fiduciary accounts of the commonwealth of the state of Virginia, did use the identity of the plaintiff and the two children, and additionally as minors, and as one of the two children is now an adult, the 18.2-186.3 confirmed of the internal revenue service documents by letter dated December 5th, 2022, as the related deed and title information, and the inconsistent amounts of the paid off loans and the conflicting dates of the financial institution documents, do indicated the date of the scheme began on or about November of 2004, and as the most recent theft of the plaintiff financial institution checking account in the amount of $478.78 on January 23rd, 2018, as this is the related wire fraud of the parties . Although the scheme involved fifteen houses in a small county in Virginia, Koltwon property management, and the convictions of the related thefts and fraudulent acts

COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF - 8

of the scheme, convicted Jessie Allen Deloach, and of Natasha Ashley Miller Deloach, only served as a straw buyer for two of the houses. For these roles, the parties did receive $500 each loan, as the $400,000 each are convicted of the fraud and thefts do indicate these amounts within the related matters of the child support enforcement division and the 6% normally used of the trustee accounts for the penalties in cases where child support obligations are owed, however the opposite did occur in these incidents, as the thefts did go unnoticed, and as the related false documents now of the new evidence, and while the parties attempt to evade prosecution in their part of the mortgage fraud and loan scheme, as it is overall, tax evasion and fraud against the United States.

9. As part of the scheme, Hutchison made material misrepresentations about income, qualifications, and intent to live in the houses he purchased and to repay the mortgages. These misrepresentations led lenders to wire loan funds to settlement companies, which closed the loans. Later, the loans went into default and the banks foreclosed on and sold the houses as collateral for the loans in related legal matters, however due to the joint filing of the plaintiff and the legal matters in related United States Courts, the federal bureau of investigation for the Richmond division of the state of Virginia did suspect the conspiracy due to related legal matters of the United States Court, whereby the internal revenue service did discover the fraud at approximately an 88 percentile, as inaccurate rate for the two tax years of the question of 2014 and the related incident whereby Hutchison did admit to the wire fraud in 2015.

10. In the related court findings and opinions of this complaint, the criminal matter of United States Court of Appeals for the Seventh Circuit, Benjamin Robers pled guilty to conspiracy to commit wire fraud for his role as a straw man in a mortgage fraud scheme. Under the Mandatory Victims Restitution Act of 1996. Robers, ordered to pay restitution to the lenders he defrauded. The amount owed was determined based on the amount the lenders lost minus the amount they received when the homes were resold. Robers argues that the statute

COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF - 9

offsets damages based on the remaining value due after the lenders received part of the property they lost, which he argues is when the lenders took title to the foreclosed homes. The government counters that the property lost, for which restitution is owed, is the cash the lenders lost because of Robers's fraudulent actions. Thus, restitution should be determined based on the amount of cash the lender recovers after selling the home. The Supreme Court's resolution of this case will settle whether the property is returned, and restitution set when the lender takes over the title at foreclosure or when the lender receives cash at resale. This case will address the consequences for criminals convicted of fraud who are required to pay restitution and the amount they are responsible for paying, and as the loss is sustained by the plaintiff in the related bankruptcy joint chapter 13 filings, whereby the payments were made and completed by the plaintiff and the joint debtor, and the property according to the statements of the joint debtor, and statements of the coconspirators of the scheme, the property does belong to the joint debtor post June 25th, 2013, as these are false documents, as the plaintiff does remain with rights and interest int eh property, as these are of the instruments of records of the notary seal attached, and of these they will remain of future investments, however, the rights these parties have assumed of the intentions of the plaintiff, now proven untrue, as the losses sustained with the actions of the plaintiff and others in related incidents, the intention for the future investments was never to sell the property, as it is of sentimental value to the plaintiff and the joint debtor, and the intention of the instrument and the joint chapter 13 filing of the plaintiff was to protect the property of the legal matter from foreclosure proceedings, and to protect the rights and claims for future investments, as often times, we do not have control, however the location of the property of the legal matter, as the two separate addresses are of the records of the change of the Unites States postal service, whereby the physical location and owner of the related property does bring matters of the evasions into question, however the owner of the property of the first address of the property, and of this being of the noted false documentation matters

COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF - 10

within the land and deed office, as the internal revenue service and the related investigative officials have the control to the findings of these matters, and the plaintiff does not wish to interfere with these matters, however the complaint and the statements of the complaint, will of course be of the review of the judge in these deciding matters of the honorable courts, whereby the plaintiff is due payments of these matters of the mortgage fraud scheme, as the plaintiff has been owed by the parties to dates prior to the ownership instrument of the interest int eh property of the legal matter, bringing into the evidence additional evidence of re internal revenue service and the investigators of these matters, whereby the plaintiff has incurred the losses, and as the constitutional rights of the plaintiff have been violated by these parties, in addition to the legal malpractice, as the account numbers of the two related incidents of the filings of the 2002-2003 and the 2008-2009 to 08/05/2015 release of the joint chapter 13 filings of the plaintiff and of these, both filings were of the plaintiff, and of these the joint debtor who remains in the sole possession of the property of the legal matter, while the plaintiff and the two children of the plaintiff are homeless and as these denials of these repayments of the fees penalties and interest of the parties through false documents assessed of the parties, solely to the plaintiff and to the two children of the plaintiff, and of these related legal matters of the family court, the denial to comply with the orders of the court by the parties who owe the payments, with the combined new evidence within the division of child support enforcement Abingdon district office of the fraudulent accounts and wire transfer of funds in the related legal matters of the parties, while the ongoing scheme continues while the parties deny the payments and credit the tax of the owners of the property of the incorrect address, and as the thefts of the scheme in related legal matters of the Unites States Courts, as the attorney client contract between Tony Michael Hutchison and Joseph E. Wolfe P.C. attorney at law and of Wolfe Williams Rutherford and Reynolds, as they, with other related personal identifying information of the parties is clearly not eradicated in either of the legal proceedings that appear in the pacer.gov website of the United States

COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF - 11

courts filed by the parties, as the damages of the mortgage and financial loan institutions Countrywide home loans, and Bank of America Nationstar Mortgage, LLC D/B/A Mr., Cooper, and ACI Payments Inc. ACI WORLDWIDE CORP., ACI WORLDWIDE INC., would need to address the repayment for the losses sustained by the parties, and of theses, the legal matters and claims of the plaintiff, in reference to the legal representation of the plaintiff, as the plaintiff has incurred the losses, and as this has been ongoing of the parties for the entire life of the two children and the entire adult life of the plaintiff, the relief and request by the plaintiff comes with distress, under the legal malpractice and the violations of the identity theft and tax evasion mortgage fraud scheme for the parties, who have abused the trustee positions given and trusted to the parties by the United States Courts of the commonwealth of the state of Virginia.

11. Questions as Framed for the Court by the Parties, references to case of comparison for 1:20-cv-3550, BUREAU OF CONSUMER FINANCIAL PROTECTION, 1700 G Street, NW Washington, DC 20552 Plaintiff, v. NATIONSTAR MORTGAGE LLC, d/b/a MR. COOPER, 8950 Cypress Waters Boulevard Coppell, TX 75019.

12. Whether a defendant—who has fraudulently obtained a loan and thus owes restitution for the loan under 18 U.S.C. § 3663A(b)(1)(B)—returns "any part" of the loan money by giving the lenders the collateral that secures the money?

13. Whether the district court correctly calculated a restitution award for victims who lost money because of the defendant's loan fraud when the court reduced the victims' losses by the amount of money, they recouped from the sale of the collateral securing the loans. Based on the Mandatory Victims Restitution Act of 1996 ("MVRA"), the Probation Office recommended Robers pay $218,952.18. Under this law, restitution is mandatory for crimes "resulting in damage to or loss or destruction of property of the victim." The court shall order a defendant to (A) return the property to the owner of the property or (B) pay an amount equal to the greater value of either (i) the value of the property on the date of damage, loss, or

COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF - 12

destruction, or (ii) the value of the property on the date of sentencing. The greater value is then reduced by the value of any part of the property that is returned.

14. A representative of the first lender, Mortgage Guaranty Insurance Corporation ("MGIC"), explained that Fannie Mae submitted a claim for $159,214.91. In response, MGIC paid the full amount of the loss and acquired the property, rather than a percentage of the claim. MGIC then sold the property and reduced its total loss to $52,952.18 but also incurred additional costs for insurance, maintenance, and realtor costs. FBI Special Agent Michael Sheen explained that the second property had a mortgage note of $330,000 and after the property was foreclosed, it was sold for $164,000. This resulted in a $166,000 loss. In total, the costs accrued for the two properties because of Robers's fraud amounted to $218,952.18.

15. As the difference within these cases, whereby the congressional unanimous decision did pass during 2014 for the repayment by the parties for the losses, and as the property was not lost in bankruptcy, as the joint chapter 13 filing did remain throughout the repayment schedule, however, as the continued denial of the payments of the parties of the related family court matter of the United States Courts, right down to the simple request for child support payments and the denial and tax credit is granted by the court, and as the records of the division of child support enforcement do hold additional evidence, as the submission of the new evidence is of the United States Courts, and as the identity theft of the plaintiff is of the evidence and findings of the internal revenue service, and as the plaintiff has remained homeless and penalized and without legal justification of the parties, and this has remained with the custody of two minor children, one of which has reached the age of an adult throughout these evasions by the parties of the conspiracy, and as this does so continue, the reasons that led to the complaint and the filings of the plaintiff.

16. The request of the plaintiff is for the declaratory relief for the escrow account dated of 2008 with the tax assessment owed of the tax scheme side of the altered deed information of the

COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF - 13

2004 false documentation of the parties, the monetary relief sought by the plaintiff is for ten million dollars for the plaintiff, and ten million for the two minor children of the plaintiff, as one of the children has now reached the age of an adult, however, as the 18.2-186.3 did begin as the child was underage, and as this is ongoing for the entire adult life of the plaintiff, and the entire life of the two children, ten million dollars to each child, for the total amounts of thirty million seven hundred thousand eighty nine dollars, as the honorable courts and the internal revenue service will be able to award the monetary damages, and the credit to the accounts that have been penalized, as they remain of the United states treasury, as they are the social security accounts paid into by the plaintiff through employment records, whereby the records of the legal malpractice civil filings and the related incidents of the law office in the related equal opportunity acts and fair labor practices complaint by the plaintiff, do give rise to the need to investigate these matters of the complaints, as the combining elements would prove the coconspirator guilty of the abuse of the fiduciary position in these related matters, and as these amounts were assessed and damaged, and of these they were penalized for receiving payments of the welfare system and of this, the false documentation of the family courts by the parties, as they have the false claims and penalties against the plaintiff accounts in the attempt to evade prosecution, and as the plaintiff and the records of the Wise county and state of Virginia department of social services do corroborate the statements and claims of the plaintiff, giving rise to the plaintiff claims as he credits should be given of the related incidents and as these would in turn assist in the related matters of the debts of the United States, and as they would be in the full control of the internal revenue service to ensure the proper credit and investigative procedures, and as these related matters did affect the entire nation, related matters involving peace treaties of the Unites States within other areas of the world, and as the plaintiff is NOT knowledgeable of these related legal matters, the credits to these accounts would adjust the debt in the proper areas for the investigative procedures, and as the plaintiff did not draw these welfare benefits since

COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF - 14

the date of approximately 1997, and as these related matters are of the additional false documents and the abused fiduciary accounts of the breached and legal malpractice claims of the claims of the plaintiff, whereby the internal revenue will be able to give the proper credit to the proper accounts in these related matters, therefore giving rise to the amounts of the claims of the plaintiff, as these should also be included within these claims, and as is the request for the monetary damages of the defendants to the plaintiff, as the additional amounts are for the civil rights violations of the parties, and as these do include the denial to payments of the child support obligations owed unto the plaintiff and the two children of the plaintiff, as the scheme did make the records inconsistent and make the plaintiff appear to not have the two children, and as the plaintiff has remained with the custody and has cared for the two children and as this was forced of the scheme to be done without the payment of the support obligations owed, with the further accusations of the division of child support enforcement towards the now adult child of the plaintiff, accusing him of owing child support obligations for a child that is not his, and as the amounts, as the internal revenue records are of the records, the amounts are of the scheme, and of the amounts still owed and due to the plaintiff and the two children of the plaintiff, as the records should indicate the plaintiff and the two children are not requesting prior to these acts of the parties anything more than what the U.S.C. and the VA code section and rules of the court clearly state they are owed, these laws do not state the plaintiff and the two children are in debt to the parties, as they have used the identity of the three of the victims to cover their evasions and part of the scheme, , as the plaintiff, has two children, never lost one to the state, never gave one away, and has remained with custody, and the payments of the support obligations owed to the victims are denied due to this scheme, causing the undue stress and mental anguish with the additional poverty stricken financial situation, as it clearly did not begin as poverty stricken, and it was the intention of the parties to financially gain the assets for themselves, as the records and financial documents of the defendants do clearly indicate.

COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF - 15

17. Certification and Closing

Under Federal Rule of Civil procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation: (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contention have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. For Parties without an attorney

B. I agree to provide the Clerk's office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's office may result in the dismissal of my case.

Respectfully Submitted this 31st day of May 2023.

_____
Heather Reece, prose

COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF - 16